## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PAUL CASTONGUAY SR.,** | ) | **CASE NO. 4:10CV3013** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JACK TAFF, and CATHY TAFF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint on January 27, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on January 27, 2010, against Jack and Cathy Taff. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that Defendants have informed the state that they want to adopt Plaintiff's son. (*Id.* at CM/ECF p. 4.) Defendants are currently acting as foster parents for Plaintiff's son and have approached Plaintiff's wife about adoption. (*Id.*) Plaintiff alleges his wife cannot make proper decisions because she is mentally handicapped. (*Id.*) He asks the court to prevent Defendants from adopting his son and seeks monetary damages in the amount of $400,000.00. (*Id.* at CM/ECF pp. 4-5.)

### II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous

or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims are brought pursuant to the Fourteenth Amendment. The Fourteenth Amendment protects a parent's liberty interest in the "care, custody, and management of their children." *Manzano v. South Dakota Dep't of Soc. Servs.*, 60 F.3d 505, 509-10 (8th Cir. 1995). However, to promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over these matters when state court proceedings have already commenced. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing

state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" [Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005)](#) (quoting [Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir.1996)](#)).

Plaintiff's Complaint indicates that Defendants have initiated state proceedings to adopt his son. (Filing No. [1](#) at CM/ECF p. 4.) Plaintiff has not alleged, nor demonstrated, that these proceedings will not provide him with the opportunity to raise his Fourteenth Amendment claims. Accordingly, the court will abstain from exercising jurisdiction over Plaintiff's claims. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. [1](#)) is dismissed without prejudice; and

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 8th day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.